UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE E. RAMOS,
    Plaintiff,

v.

DANNEL P. MALLOY, et al.,
    Defendants.

Lead Case No. 3:18-cv-615 (VAB)

**INIITAL REVIEW ORDER**

Jose E. Ramos ("Plaintiff"), currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this Complaint *pro se* against Commissioner Scott Semple and Warden William Mulligan (together, "Defendants"), alleging that, under a new institutional policy, he has been denied the envelopes from his legal mail in violation of 42 U.S.C. § 1983.

For the reasons discussed below, Mr. Ramos's Complaint is dismissed. Mr. Ramos may file a motion to reopen the Complaint, accompanied by an amended complaint, within twenty days of this Order.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.    Factual Allegations**

Mr. Ramos alleges that, on August 14, 2017, he was not provided the envelope from

incoming legal correspondence. Compl. ¶ 1, ECF No. 1. When he complained to a counselor, Mr. Ramos was allegedly given a copy of a memorandum issued by the Warden stating that inmates would not be permitted to retain the envelopes from incoming legal correspondence. *Id.* ¶ 2; Ex. A ("Incoming Legal Mail Memo"). If the inmate needed return address information from the envelope, a copy of the envelope would be provided. *Id.* Ex. A.

The same day, Mr. Ramos complained about the new policy to Warden Mulligan. *Id.* ¶ 3. The Warden told Mr. Ramos that the policy would not be changed. *Id.* On August 17, 2017, Mr. Ramos filed a grievance. *Id.* ¶ 4. Warden Mulligan denied the grievance, stating that the facility's new practice was to retain the envelopes from incoming legal correspondence.[1] *Id.* Mr. Ramos is permitted to retain envelopes from incoming general correspondence. *Id.*

### B. Procedural History

Mr. Ramos filed his Complaint on April 10, 2018. *Id.* His motion to proceed *in forma pauperis* was granted on April 13, 2018. ECF No. 7.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and

---

[1] The Court notes that in May 2017, shortly after the policy was allegedly instituted, Mr. Ramos filed a motion in another case, *Ramos v. UConn Health*, No. 3:17-cv-326 (VAB), seeking an Order that he receive all legal envelopes. Mr. Ramos stated in that motion that the policy was created because attorneys or family members impersonating an attorney or court were using legal mail to send narcotics to inmates at MacDougall Correctional Institution. No. 3:17-cv-326, ECF No. 10 at 4.

interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atl. v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

### III. DISCUSSION

Mr. Ramos argues that Defendants have violated his Fourth, Eighth, and Fourteenth Amendment rights by depriving him of the envelopes from his legal correspondence. He also contends that Defendant Mulligan has interfered with his attempts to exhaust his administrative remedies by denying a grievance.

#### A. Claims Related to Defendant Semple

Mr. Ramos alleges that Defendant Semple is responsible for overseeing daily operations within the Department of Correction and, therefore, is "liable under Municipalities." Compl. ¶ 6. Defendant Semple is a State of Connecticut, not a municipal, employee. Compl. at 1 (describing Mr. Semple as Commissioner of Correction). Thus, any claim for municipal liability against him is dismissed under 28 U.S.C. § 1915A(b)(1). *See Walker v. City of New York*, 974 F.2d 293, 301

(2d Cir. 1992) (holding that because district attorney was state official, his conduct cannot trigger municipal liability).

To the extent that the Complaint may be construed to assert a claim for supervisory liability against Mr. Semple, it is also dismissed. To state a claim for supervisory liability, Mr. Ramos must demonstrate that Mr. Semple (1) actually and directly participated in the alleged constitutional violation; (2) failed to remedy a wrong after being informed of it though a report or appeal; (3) created or approved a policy or custom that sanctioned objectionable conduct that rose to the level of a constitutional violation, or permitted such a policy or custom to continue; (4) was grossly negligent in his supervision of the officers who committed the constitutional violation; or (5) was deliberately indifferent to the plaintiff's rights by failing to act in response to information that unconstitutional acts were occurring. *See Shaw v. Prindle*, 661 Fed. App'x 16, 18 (2d Cir. 2016) (defining elements of supervisory liability and citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)); *see also Shakir v. Derby Police Dep't*, 284 F. Supp. 3d 165, 181–82 (D. Conn. 2018) (following *Colon* because, although acknowledging that *Iqbal*, 556 U.S. at 676, may have established heightened pleading requirements for supervisory liability, the Second Circuit has not rejected the standard in *Colon* and the Second Circuit has not addressed how *Iqbal* affects *Colon*). Mr. Ramos has alleged no facts suggesting that Defendant Semple was aware of, or responsible for, the new policy. Thus, he fails to state a cognizable supervisory liability claim.

### B. Fourth Amendment Claims

Mr. Ramos argues that withholding the envelope is an unreasonable seizure under the Fourth Amendment. Mr. Ramos alleges that the envelope is required to ensure the privacy of his

legal papers. Without the envelope, he claims, his legal papers are "out in the open" and can be read by his cellmate with the contents reported to others. Compl. ¶ 9. Inmates, however, have no expectation of privacy regarding their personal papers or property. *See Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). Thus, this allegation does not support a Fourth Amendment claim. *See Braun v. City of New York*, 284 F. Supp. 3d 573, 580 (S.D.N.Y. 2018) (rejecting Fourth Amendment unreasonable seizure claim regarding unsealing of criminal records because, to state Fourth Amendment claim regarding disclosure of information, inmate must have had reasonable expectation of privacy in the documents). As Mr. Ramos has no reasonable expectation of privacy in his cell, there is no basis for a Fourth Amendment claim.

### C. Eighth Amendment Claims

Mr. Ramos also asserts an Eighth Amendment claim. To state an Eighth Amendment claim, Mr. Ramos must allege facts demonstrating that Defendants failed to provide for his "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety." *DeShaney v. Winnegabo Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989). Only those conditions that deprive an inmate of the "minimal civilized measure of life's necessities" are sufficiently serious to form the basis of an Eighth Amendment claim. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Mr. Ramos alleges that he was not permitted to retain an envelope from legal correspondence. He argues that he needs the envelope to store his legal papers. Withholding the envelope, however, does not deprive Mr. Ramos of a basic human need. Thus, the allegations do not state a cognizable Eighth Amendment claim. *See Jones v. Pallito*, No. 2:14-cv-199, 2015 WL 2376347, at *8 (D. Vt. May 18, 2015) (deprivation of art supplies and certain books does not

5

state Eighth Amendment claim). Mr. Ramos's Eighth Amendment claim therefore is dismissed under 28 U.S.C. § 1915A(b)(1).

### D. Fourteenth Amendment Claims

Mr. Ramos also contends that withholding the envelope violated his Fourteenth Amendment rights to due process and equal protection. The Due Process Clause protects against the deprivation of a protected property interest. A prisoner can state a due process claim for loss or destruction of property, however, only if the state has not created adequate post-deprivation remedies. *See Edwards v. Erfe*, 588 Fed. App'x 79, 80 (2d Cir. 2015) ("A prisoner may challenge the deprivation of property in a § 1983 action only if the State provides no adequate post-deprivation remedy.") (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

The State of Connecticut provides a remedy for lost or destroyed property. Under Connecticut General Statutes § 4-141, *et seq.*, a prisoner may bring a claim against the Connecticut Claims Commission, unless there is another administrative remedy for his claim. *See* Conn. Gen. Stat. § 4-142. The Department of Correction has established an administrative remedy for lost or destroyed property. *See* Department of Correction Administrative Directive 9.6(16)(B), http://portal.ct.gov/DOC/AD/AD-Chapter-9 (last visited Apr. 13, 2018). A prisoner must use the available administrative remedy before proceeding to the Claims Commission if his claim is denied.

This available remedy is not rendered inadequate because Mr. Ramos anticipates a more favorable remedy if he proceeds in federal court. *See Hudson*, 468 U.S. at 535. Because Connecticut provides post-deprivation remedies, Mr. Ramos cannot state a due process claim for the deprivation of property. The due process claim for deprivation of property is dismissed.

The Equal Protection Clause protects prisoners from invidious discrimination. This provision does not mandate identical treatment for each individual; rather it requires that similarly situated persons be treated the same. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985). To state an equal protection claim, the prisoner must allege that he was treated differently from similarly situated individuals and that the reason for the different treatment was based on "impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injury a person." *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)).

Mr. Ramos does not allege that he is a member of a protected class or that he was treated differently because of a suspect classification. *See Robles v. Dennison*, 745 F. Supp. 2d 244, 301 n.18 (W.D.N.Y. 2010) (merely being a prisoner is insufficient to put plaintiff in a suspect class), *aff'd*, 449 Fed. App'x 51 (2d Cir. 2011). Thus, he cannot state a traditional equal protection claim.

Alternatively, Mr. Ramos could assert a "class of one" equal protection claim. To state a valid claim under a "class of one," Mr. Ramos must allege, first, that he was intentionally treated differently from others who are similarly situated, and second, that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). He must allege an "extremely high" level of similarity with the person to whom he is comparing himself; their circumstances must be "prima facie identical." *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2005), *overruled in part on other grounds by Appel v. Spiridon*, 531 F.3d 138, 139 (2d Cir. 2008). Mr. Ramos identifies no similarly situated inmate who was treated differently. Although

Mr. Ramos alleges that inmates at other correctional facilities are permitted their envelopes, the Court notes that, in his other case, Mr. Ramos states that the policy is a direct response to abuse of legal mail at MacDougall Correctional Institution. Thus, Mr. Ramos is not similarly situated to inmates at other correctional facilities and he has not stated a plausible "class of one" equal protection claim.

Mr. Ramos's Fourteenth Amendment claims therefore are dismissed under 28 U.S.C. § 1915A(b)(1).

### E. Interference with Grievance

Finally, Mr. Ramos alleges that Warden Mulligan interfered with his attempts to exhaust his institutional remedies by denying his grievance. The Second Circuit has not held that denial of access to or interference with prison grievance procedures is cognizable as a violation of a constitutionally protected right, such as the right to petition the government for redress of grievances. District courts considering the issue have held that it does not. *See Lopez v. McGill*, No. 3:08-CV-1931(CSH), 2009 WL 179787, at *5–6 (D. Conn. Jan. 31, 2009) (denial of access to grievance procedures or violation of grievance procedures does not violate constitutionally protected right). This claim therefore is dismissed under 28 U.S.C. § 1915A(b)(1).

### ORDERS

For the foregoing reasons, the Court enters the following orders:

(1)　　The Complaint is **DISMISSED** under 28 U.S.C. § 1915A(b)(1).

(2)　　The Clerk is directed to enter judgment and close this case.

(3)　　Mr. Ramos may file a motion to reopen accompanied by an amended complaint if he can allege facts showing that the deprivation of his legal envelope violated any

8

constitutionally protected right. Any motion to reopen must be filed within twenty days from the date of this order.

      **SO ORDERED** at Bridgeport, Connecticut, this 24th day of April 2018.

                                    /s/  
                                    Victor A. Bolden  
                                    United States District Judge