# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE E. RAMOS,<br>    *Plaintiff*,<br><br>v.<br><br>SCOTT S. SEMPLE, *Commissioner*, and<br>WILLIAM MULLIGAN, *Warden*,<br>    *Defendants*. | No. 3:18-cv-615 (VAB) |

### RULING ON MOTION TO RE-OPEN AND MOTION TO STRIKE

On May 9, 2018, Jose E. Ramos ("Plaintiff") filed a motion to re-open his civil rights lawsuit against Scott S. Semple and William Mulligan ("Defendants") under 42 U.S.C. § 1983, in response to this Court's Initial Review Order dismissing his action for failure to state a claim. *See* Motion to Re-Open, filed May 9, 2018 ("Mot."), ECF No. 13; Initial Review Order, dated Apr. 24, 2018 ("Init. Rev. Order"), ECF No. 9. Mr. Ramos also filed a motion to strike. Motion to Strike, dated May 9, 2018, ECF No. 12.

For the reasons explained below, Mr. Ramos's motions are **DENIED.**

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On April 10, 2018, Mr. Ramos sued Defendants under 42 U.S.C. § 1983, alleging: (1) that Defendants violated several of his federal constitutional rights by denying him access to the original envelopes from his incoming legal correspondence; and (2) that Defendant Mulligan interfered with his attempts to exhaust institutional remedies by denying his grievance with respect to the envelopes.[1] *See* Complaint, dated Apr. 10, 2018 ("Compl."), ECF No. 1. Mr.

---

[1] Mr. Ramos is proceeding *pro se.* He was granted leave to proceed *in forma pauperis* on April 13, 2018 by Magistrate Judge William I. Garfinkel. Order Granting Motion for Leave to Proceed *in forma pauperis*, dated Apr. 13, 2018, ECF No. 7.

Ramos was—and remains—incarcerated in the custody of the State of Connecticut Department of Correction at the MacDougall-Walker Correctional Institution in Suffield, Connecticut.

On April 24, 2018, the Court issued an Initial Review Order dismissing Mr. Ramos's Complaint under 28 U.S.C. § 1915A(b)(1), finding that the confiscation of the envelopes from Mr. Ramos' legal mail did not violate his rights under the Fourth Amendment, Eighth Amendment, the Fourteenth Amendment's Due Process Clause, or the Fourteenth Amendment's Equal Protection Clause. Init. Rev. Order at 4–8.

The Court gave Mr. Ramos leave to file a motion to re-open, accompanied by a proposed amended complaint, by May 14, 2018—but only if he could "allege facts showing that the deprivation of his legal envelope violated any constitutionally protected right." *Id.* at 8–9.

On May 9, 2018, Mr. Ramos timely filed a motion to re-open accompanied by a proposed Amended Complaint. *See* Mot.; Pro Se Prisoner Civil Rights Amended Complaint, filed May 8, 2018 ("Proposed Am. Compl."), ECF No. 13-1.

That same day, Mr. Ramos also filed a motion to strike an amended complaint he claims to have filed on April 25, 2018. Motion to Strike, dated May 9, 2018, ECF No. 12.

On June 1, 2018 and August 29, 2018, Mr. Ramos filed notices seeking to remind the Court of his pending motions and receive an update on his case. *See* ECF Nos. 14–15.

## II.  STANDARD OF REVIEW

Under Section 1915A of Title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This statute applies equally to the Court's initial review of complaints and to its review of proposed amended complaints. *See*

*Abrams v. Erfe*, No. 3:17-cv-1570 (CSH), 2018 WL 3238825, at *2 (D. Conn. Jul. 3, 2018) ("Because the amended complaint will become the operative compliant in this action, the Court must perform its mandatory screening of the claims under 28 U.S.C. § 1915A to determine whether they state claims upon which relief may be granted.").

In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[ ]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atl. v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Despite being subject to liberal interpretation, a *pro se* plaintiff's complaint still must 'state a claim to relief that is plausible on its face.'" *Abrams*, 2018 WL 3238825, at *3 (quoting *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010)).

### III. DISCUSSION

#### A. Motion to Strike

A review of the docket reveals that no amended complaint was received by the Court on April 25, 2018, as suggested in Mr. Ramos's motion to strike. In addition, the proposed amended

complaint contemplated by the motion to strike appears to be the one attached to Mr. Ramos's motion to re-open.

Accordingly, the Court denies Mr. Ramos's motion to strike as moot. *See Nunez v. Lima*, No. 17-2852, 2019 WL 856732, at *1 (2d Cir. 2019) ("As an initial matter, we deny Nunez's motion to supplement the record on appeal with interrogatory responses, errata sheets and alterations to her deposition transcript, her letter to the District Court, and two letters from her therapist. The motion is moot in part because the interrogatory responses, the letter, and alterations to her deposition transcript are already part of the record.").

### B. Motion to Re-Open

Mr. Ramos's proposed Amended Complaint does not itself contain any new facts showing that the deprivation of his legal envelope violated any constitutionally protected right. The "Facts" section contains only one paragraph that was not previously alleged in the Complaint, paragraph 12: "On 10-19-17 plaintiff met with state police about the said issue but to no avail." Proposed Am. Compl. ¶ 12. This factual allegation, however, does not substantiate that the deprivation of Mr. Ramos's legal envelopes violated his constitutional rights.

The other new portions of the proposed Amended Complaint are simply conclusory legal allegations, i.e., legal conclusions masquerading as facts. *See* Proposed Am. Compl. at 10–16. A prisoner complaint fails to state a claim upon which relief may be granted, and therefore must be dismissed under 28 U.S.C. § 1915A, where it does not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough. *Id.* (citing *Twombly*, 550 U.S. at 555).

Mr. Ramos's motion therefore fails to satisfy the terms by which the Court granted Mr. Ramos leave to file a motion to re-open. *See* Init. Rev. Order at 8–9 ("Mr. Ramos may file a motion to reopen accompanied by an amended compliant if he can allege facts showing that the deprivation of his legal envelope violated any constitutionally protected right."). Accordingly, the Court denies Mr. Ramos's motion to re-open on this basis.

### C. Revival of Already Dismissed Claims

In his proposed Amended Complaint, Mr. Ramos also attempts to add new defendants on his claim for interference with his right to grievances. Proposed Am. Compl. ¶¶ 5–6.

The Court dismissed this claim in the Initial Review Order and did not give Mr. Ramos leave to file an amended complaint as to this claim. *See* Init. Rev. Order at 8.

Accordingly, the Court denies Mr. Ramos's motion, to the extent that it seeks reconsideration of the Initial Review Order's dismissal of these claims. *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 256–57 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

### D. New Claims

Mr. Ramos's proposed Amended Complaint attempts to state a claim under the First Amendment, which he did not previously invoke. *See* Proposed Am. Compl. at 17. Mr. Ramos cites *Wolfish v. Levi*, 573 F.2d 118, 130 (2d Cir. 1978), *reversed sub nom. Bell v. Wolfish*, 441 U.S. 520 (1979), for the proposition that all incoming correspondence is protected by the First Amendment and no mail is complete without its envelope. Mot. at 4.

"Interference with legal mail [ ] can constitute a violation of the right to free speech." *Riley v. Semple*, No. 3:17-cv-45 (VAB), 2017 WL 507214, at *3 (D. Conn. Feb. 7, 2017) (citing *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)). As the Second Circuit has recognized, "a prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." *Davis*, 320 F.3d at 351. Generally speaking, "[r]estrictions on prisoners' mail are justified only if they further one or more of the substantial governmental interests of security, order, and rehabilitation . . . and must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Id.* (citation, internal quotation marks, and internal alterations omitted).

To establish a violation of his right to free speech, Mr. Ramos "must show that the defendants 'regularly and unjustifiably interfered with the . . . legal mail.'" *Riley*, 2017 WL 507214, at *3 (quoting *McFadden v. Fischer*, Nos. 13-CV-559-FPG & 16-CV-6105-FPG, 2016 WL 5661824, at *12 (W.D.N.Y. Sept. 30, 2016)).

The Second Circuit case Mr. Ramos cites, *Wolfish v. Levi*, however, makes no reference to envelopes as protected under the First Amendment—nor does the Supreme Court case that reversed it, *Bell v. Wolfish*. The Ninth Circuit case he cites is similarly not on point. *See Prison Legal News v. Cook*, 238 F.3d 1145 (9th Cir. 2001).

Another district court recently identified a dearth of case law establishing a First Amendment right to retain envelopes from legal correspondence. *See Lomonico v. Presley*, No. 17-6143-BRM-TJB, 2018 WL 2383155, at *3 (D.N.J. May 24, 2018) ("This Court is aware of no cases establishing the seizure or confiscation of an envelope alone, as opposed [to] the legal mail contained therein, impugns a prisoner's right to communication through the mail.").

In any event, while an envelope might be necessary for Mr. Ramos to know how the letter was addressed, or to learn the return address of the sender, Mr. Ramos has not identified a policy that prevents him from receiving a copy of the envelope. In fact, the policy expressly provides for him to receive a copy of the envelope. *See* Incoming Legal Mail Memo, dated Apr. 24, 2017, annexed as Ex. A to Proposed Am. Compl. ("Photo copies of the incoming envelopes can be made if the inmate needs the returns address."). As a result, even if such a constitutional rights exists, Mr. Ramos has not been deprived of this right, and therefore fails to state a claim under the First Amendment.

Mr. Ramos's motion (though not his proposed Amended Complaint) also suggests that he has new claims for confiscation of legal materials and retaliation that were not included in the original Complaint. *See* Mot. at 5. Such claims are distinct from those referenced in the Initial Review Order, and are therefore not properly pursued in this action. *See Castellano v. Trump*, No. 3:17-cv-381 (MPS), 2017 WL 4401451, at *1 (D. Conn. Sept. 29, 2017) (purpose of amended complaint is to clarify or amplify existing causes of action, not to add new causes of action); *Kloss v. Haskell*, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), *aff'd*, 48 F.3d 81 (2d Cir. 1995).

## IV. CONCLUSION

For the reasons explained above, Mr. Ramos's motion to strike is **DENIED** as moot, and his motion to re-open is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of March, 2019.

                                           /s/ Victor A. Bolden
                                           Victor A. Bolden
                                           United States District Judge